UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK A. ANDERSON,

Plaintiff,

-against-

KAT TIMPF; RUPERT MURDOCH; FOX NEWS,

Defendants.

25-CV-7646 (PAC)

ORDER OF DISMISSAL

PAUL A. CROTTY, United States District Judge:

Plaintiff, who resides in the Bronx, New York, brings this action, *pro se*, invoking the court's federal question jurisdiction, asserting that Defendant Rupert Murdoch, the Fox News media executive, is suppressing Plaintiff's speech and denying him access to Fox News television personality, Kat Timpf, in violation of Plaintiff's rights under the First Amendment. By order dated September 18, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from the complaint.[1] In 2023, Plaintiff "was trafficked to New York by [Defendant] Rupert Murdoch and Casino Tiso." (ECF 1, at 5.) When he entered "New York City[,] I did as [Defendant] Kat Timpf had instructed and applied for the evening edit, only to learn that Fox News management had put a non disclosure agreement on Kat Timpf[,] . . . [who had been] coerced and swindled by Fox News." (*Id.*) Plaintiff then

[1] Plaintiff uses irregular capitalization. When quoting from the complaint, the Court uses standard capitalization. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

"auditioned for a nighttime host position or crew," and "[a]fter multiple failed attempts[,] I contacted Kat in person and demanded to speak to Murdoch." (*Id.*)

Plaintiff indicates that he and Timpf "had major plans to deploy programs to further the Aryan race and Libertarian causes." (*Id.*) He also indicates that "[a]fter multiple arguments with myself and Rupert Murdoch[,] we could not come to a fair market value for my services rendered." (*Id.* at 6.) Plaintiff is "distraught with not working directly with Kat Timpf." (*Id.*) Plaintiff has "become homeless and . . . still struggling financially because of his non sense." (*Id.*) He states that his injuries include "mental health degradation and PTSD from being kept from Kat Timpf." (*Id.*) Plaintiff seeks $1.5 billion dollars in damages. (*Id.*)

## DISCUSSION

### A. Failure to state a claim

Plaintiff's claims under the First Amendment, brought under Section 1983, must be dismissed because Defendants are not state actors. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Rupert Murdoch and Kat Timpf are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these Defendants under Section 1983. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Frivolousness**

The Court also dismisses the complaint because Plaintiff's allegations are frivolous. The IFP statute requires a court to dismiss a complaint, or a portion of the complaint, if it determines that the action is frivolous or malicious under 28 U.S.C. §1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted)); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Id.* Rather, a complaint must include a factual basis in support of the complaint's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]") (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Here, Plaintiff's claims appear to be premised, in part, on his belief that Rupert Murdoch, trafficked Plaintiff into New York City and that he and Kat Timpf, a television personality, negotiated an agreement for Plaintiff to work at Fox News for the purpose of "deploy[ing]

programs to further the Aryan race and Libertarian causes." (ECF 1, at 5.) These amount to conclusory allegations and suspicions that are "wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, the Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 323 (noting that the IFP statute "authoriz[es] *sua sponte* dismissal of an *in forma pauperis* complaint "only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief"). Thus, the Court also dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff cannot bring constitutional claims against Defendants and many of his allegations are frivolous, the Court declines to grant Plaintiff leave to amend his complaint because it would be futile to do so.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), and as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: October 26, 2026
New York, New York

PAUL A. CROTTY
United States District Judge